IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRAINE L., | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO,[1] | : | |
| Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant | : | NO. 24-6399 |

### MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                          August 29, 2025

      Larraine L. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Social Security Administration Commissioner's ("the Commissioner") final decision, denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Plaintiff filed a brief supporting her request for review, the Commissioner responded to it, and Plaintiff filed a reply. For the reasons set forth below, Plaintiff's Request for Review will be granted, and Judgment will be entered in Plaintiff's favor and against Defendant.

### I.    PROCEDURAL HISTORY[2]

      On April 19, 2022, Plaintiff applied for DIB, alleging disability, beginning February 24, 2022, because of a concussion, back pain, whiplash, post-traumatic stress disorder ("PTSD"), and depression. R. at 120, 132, 166. The Social Security Administration ("SSA") initially, and upon

---

[1] Frank Bisignano became Commissioner of the Social Security Administration on May 7, 2025. Pursuant to Fed. R. Civ. P. 25(d), Mr. Bisignano is substituted as Defendant in this suit. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action needs to be taken to continue this suit.

[2] This court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl.'s Br."), Defendant's Response to Request for Review of Plaintiff ("Def.'s Resp."), Plaintiff's Reply Brief ("Pl.'s Reply"), and the administrative record.

reconsideration, denied Plaintiff's claim; hence, she requested a hearing. *Id.* at 14-38, 58-62, 64-68. On September 6, 2023, Plaintiff appeared telephonically before Administrative Law Judge ("the ALJ") Eric Schwarz. *Id.* at 948. Plaintiff, represented by an attorney, and vocational expert Barry Hensley ("the VE") testified at the hearing. *Id.* On January 30, 2024, the ALJ, using the sequential evaluation process ("SEP") for disability,[3] issued an unfavorable decision. *Id.* at 32-33. The Appeals Council denied Plaintiff's request for review, on May 6, 2024, making the ALJ's findings the Commissioner's final determination. *Id.* at 1-6. Plaintiff sought judicial review from this court on November 29, 2024. Both parties have consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

## II.     FACTUAL BACKGROUND

A.     <u>Plaintiff's Personal History</u>

Plaintiff, born on April 14, 1958, R. at 39, was 64 years old on the alleged disability onset date. R. at 17. She worked as a guidance counselor for autistic students before her injuries

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether or not an adult claimant is disabled:

> 1. If claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If claimant is found not to have a severe impairment which significantly limits her physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, s/he is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

commenced on February 24, 2022. *Id.* at 965, 970. She lives alone with a dog. *Id.* at 962. Her children and grandchildren visit her often. *Id.*

B.      Plaintiff's Testimony

Plaintiff testified about the injuries she suffered on the job during an attack by a student, on February 24, 2022. R. at 951. She had tears in her left shoulder, for which she did not receive any surgical correction. *Id.* at 956. Plaintiff stated that she also suffers pain in her back, left hip, and right shoulder, although the pain in her right shoulder is "not as serious or severe as the left side." *Id.* at 957-58. While her gait has changed, she does not use a cane, walker, or crutch. *Id.* at 957. Plaintiff takes Motrin as needed for pain relief. *Id.* at 959. Plaintiff testified that she can no longer participate in driving boat competitions because of the injuries sustained. *Id.* at 954. She can drive a car, shop for groceries, dress herself, and perform household chores. *Id.* at 962-63.

Plaintiff also discussed the impact of her PTSD, caused by the workplace assault. *Id.* Anxiety causes her to stay at home. *Id.* at 962. Plaintiff stated that she is hypersensitive to sudden noises, has lost confidence in herself, and regularly experiences nightmares. *Id.* at 964. Plaintiff is in mental health therapy. *Id.* at 950.

C.      Vocational Expert's Testimony

At the September 6, 2023 hearing, the VE characterized Plaintiff's past positions as director

of guidance and teacher aide, R. at 969, as light,[4] skilled work,[5] that requires occasional overhead activities. *Id.* at 970. The VE testified that the maximum tolerance for unscheduled absences per month, as set by the employer, would be one day. *Id.* at 971. The amount of time off task, in addition to normally scheduled work breaks, would be no greater than 5 percent. *Id.*

### III.   THE ALJ'S FINDINGS

In his decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through September 30, 2025.

2. [Plaintiff] has not engaged in substantial gainful activity since February 24, 2022, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. [Plaintiff] has the following severe impairments: closed-head injury, lumbar and cervical degenerative disc disease, bilateral greater trochanteric bursitis and gluteal tendinopathy, and degeneration or tear of the left superior and anterior acetabular labrum (20 CFR 404.1520(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, [the ALJ found] that the [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can do no more than occasional overhead work.

6. [Plaintiff] is capable of performing past relevant work as a

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

[5] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. . . . Other skilled jobs may require dealing with people, fact, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 404.1568(c).

> director of guidance (Dictionary of Occupational Titles (DOT) code 045.117-010), which is light, skilled work with a specific vocational preparation (SVP) code of 8; and as a teacher aide (DOT code 099.327-010), which is light, skilled work with an SVP of 6. This work does not require the performance of work-related activities precluded by the [Plaintiff]'s residual functional capacity (20 CFR 404.1565).
>
> 7. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from February 24, 2022, through the date of this decision (20 CFR 404.1520(f)).

R. at 20, 23, 26, 32-33.

## IV. DISCUSSION

A. <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if substantial evidence supports them. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

Overall, this test is deferential to the ALJ. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). The court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo*, might have reached a different conclusion. *Id.* Indeed, the court may not undertake a *de novo*

review of the Commissioner's decision by reweighing the record evidence itself. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *Monsour Med. Ctr.*, 806 F.2d at 1190-91. Nor is the court permitted to "impose [its] own factual determinations." *Chandler*, 667 F.3d at 359; *see Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) ("We also have made clear that we are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder."). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.  Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that they cannot engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents a return to their past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that the impairment results in functional limitations to performing their past relevant work, then the burden of proof shifts to the Commissioner to prove that work exists in the national economy, which Plaintiff can perform given

their age, education, work experience, and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.        Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that Plaintiff could perform her past relevant work as a director of guidance. R. at 32. Plaintiff disputes the ALJ's decision and argues that he reversibly erred because he: (1) erred in assessing her RFC by failing to consider the impact of her mental health impairments; and (2) failed to evaluate whether her combined physical and mental impairments could equal a listing at step three. Pl.'s Br. at 6-7. The Commissioner counters that the ALJ properly reached his non-disability decision. Def.'s Resp. at 5-6. This court finds that the ALJ erred in both instances. However, Plaintiff has failed to demonstrate harm with respect to her second claim.

1. The ALJ Erred by Failing to Account for Plaintiff's Mental Health Limitations When Assessing Her RFC

Plaintiff argues that the ALJ committed reversible error in assessing her RFC by failing to consider the combined impact of her mental health impairments (PTSD, anxiety, depression, and post-concussion syndrome). Pl.'s Br. at 4-5. This court finds that the ALJ failed to explicitly provide for Plaintiff's mental health-related limitations in the RFC. Since this error is not harmless, remand is required.

In his opinion, the ALJ initially determined that the mental impairments in and of themselves were "nonsevere,"[6] R. at 21, and that Plaintiff's mental limitations were "adequately accommodated by the residual functional capacity for a reduced range of light work." R. at 23. He then set his determination on Plaintiff's mental impairments aside, without further discussion,

---

[6] When the ALJ proceeded to examine Plaintiff's mental impairments, the ALJ found that Plaintiff had mild impairments in the four broad areas of mental functioning. R. at 21-23.

7

and continued to evaluate only Plaintiff's physical ailments.

Although the ALJ stated in his step two analysis that he would include limitations from Plaintiff's nonsevere mental health impairments in the RFC, he did not. He is required to do so by regulation, and he stated that he would do so. *See* 20 C.F.R. § 404.1545(a)(2) ("If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . ., when we assess your residual functional capacity."). The RFC the ALJ found consists of a light exertional level and occasional overhead work. Neither is due to a mental health impairment. The ALJ failed to comply with his duty to consider nonsevere impairments throughout the SEP; this constituted legal error.

Furthermore, the ALJ's failure constitutes not only legal error, but also harmful error, which Plaintiff has demonstrated. Social Security appeals are subject to harmless error analysis, and this circuit has held that, "[a]n error is 'harmless' when, despite the technical correctness of an appellant's legal contention, there is also 'no set of facts' upon which the appellant could recover." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Moreover, "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Plaintiff testified to the ALJ that "she struggles with multi-tasking, interacting with others, and stress management—all . . . essential to her past work." Pl.'s Br. at 6 (citing R. at 965-66). PTSD renders her hypersensitive to any loud noises around her. R. at 964. She is also fearful that others around her might cause her harm. *Id.* This hypersensitivity to noise and fear of others has made her reclusive and lacking in self-confidence. *Id.* Plaintiff also cites record evidence from Dr. Jennifer Dave, PhD, that the "combined effects of PTSD, anxiety, depression, and post-

concussion symptoms reduced [Plaintiff]'s overall functional capacity."  Pl.'s Reply at 2 (citing R. at 854).

This court finds that Plaintiff has demonstrated that it is possible her mental health impairments, stemming from a brutal attack by a student in her workplace, could preclude her ability to perform her past, skilled work.  Since the ALJ committed a harmful legal error, this court will remand[7] for the ALJ to consider properly Plaintiff's mild mental limitations in her RFC.

2. <u>Plaintiff Has Failed to Show the ALJ's Error Concerning a Listing Was Harmful</u>

Plaintiff alleges that the ALJ omitted at step three consideration of whether her mental and physical impairments, together, could equal a listing.  Pl.'s Br. at 6-7.  This court finds that while such an error occurred, Plaintiff has failed to show that the error was harmful.

"At step three, an ALJ is charged with determining whether a claimant's impairment or combination of impairments meets, or medically equals, the criteria of an impairment listed in [20 C.F.R. § 404.1520(d)] . . . ."  *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 502 (3d Cir. 2009).  More specifically, when determining whether a claimant's combination of impairments equals a particular listing, the ALJ must consider whether the claimant's "symptoms, signs, and laboratory findings are at least equal in severity to the listed criteria."  20 C.F.R. § 404.1529(d)(3).  An ALJ's step three analysis is proper when the "decision, read as a whole, illustrates that the ALJ considered the appropriate factors in reaching the conclusion that" the claimant fails to meet the requirements for any listing.  *Jones v. Barnhart*, 364 F.3d 501, 504-05 (3d Cir. 2004).

This circuit requires that an ALJ set forth the reasons for his decision whether a claimant meets or equals a listing, and conclusory statements on the issue impede meaningful judicial

---

[7]  The court notes that judges in this district have consistently found reversible error when the ALJ fails to include mild mental health limitations in the RFC assessment, but finds the claimant capable of performing her past, skilled work.  *See In re Kominsky*, No. 22-2353, 2023 U.S. Dist. LEXIS 100502, at *12-13 (E.D. Pa. June 9, 2023) (citing cases from this district so holding).

9

review. *See Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119-20 (3d Cir. 2000). While the ALJ cursorily stated that Plaintiff did not "have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments," R. at 23, he failed to adequately discuss whether Plaintiff's combination of impairments could medically equal a listing. This was error. However, this court finds that Plaintiff has not shown that the error was harmful.

As previously stated, in Social Security cases, it is Plaintiff's burden to show that a technical legal error by the ALJ is harmful. *See Brown*, 649 F.3d at 195; *Shinseki*, 556 U.S. at 409. Herein, Plaintiff does not present evidence showing that she equals a listing; moreover, she does not even identify such a listing. *See Holloman v. Comm'r of Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016) (non-precedential) (affirming step three finding where claimant did not identify "specific avenues for meeting or equaling specific listings that the ALJ should have considered but did not"). The court cannot speculate on behalf of Plaintiff as to which listing she might equal. Therefore, since Plaintiff has failed to show harm, her claim fails.

## V.  CONCLUSION

This court finds that the ALJ failed to consider Plaintiff's mental health impairments when assessing her RFC. Accordingly, Plaintiff's Request for Review is granted. An implementing Order and Order of Judgment follow.